# HENRY A. CLUBB *et al.*

## *v.*

# JOHN WISE.

64   157
24a  191
64   157
40a  581
64   157
169  147
64   157
180  180
64   157
208  1455

1. HOMESTEAD—*requisites of wife's release.* Where a husband and wife executed a mortgage on premises occupied by them as a homestead, which contained in its body a formal release of the homestead right, but in the certificate of acknowledgment, which was in the ordinary form, showing that she had relinquished her dower only: *Held,* that the mortgage was inoperative to release the homestead right, because the wife had failed to acknowledge that she specifically released the right.

2. FORMER ADJUDICATION—*as to release of homestead binding on parties and privies.* A bill to foreclose a mortgage given by husband and wife charged that they had released all their right of homestead in the premises, and the decree which was rendered on their default found the fact to be as charged, though it was not true in point of fact. The premises were sold by the master under this decree, after which the children of the mortgagors filed their bill to set aside the sale, on the ground that the exemption had not been released: *Held,* that the former adjudication was conclusive, not only upon the mortgagors, but upon the complainants as privies succeeding or claiming under them, and that such bill was properly dismissed.

3. HOMESTEAD—*rights of children in respect to.* During the life of the parents, the children have no vested interest in the homestead, and the parents may release the right, or put an end to it by abandonment, and their children can assert no right therein adversely to the acts of their parents. Whatever concludes the parents from asserting the right, and thereby deprives them of it, will in like manner affect their children who succeed them.

APPEAL from the Circuit Court of Lawrence county; the Hon. RICHARD S. CANBY, Judge, presiding.

Mr. B. B. SMITH, and Mr. J. G. BOWMAN, for the appellants.

Messrs. SHAW & ROBINSON, and Mr. F. W. VIEHE, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

The appellants filed their bill in equity in this case in the Lawrence circuit court to set aside a sale of land by the master in chancery under a decree of foreclosure of a mortgage obtained by the defendants, the mortgagees, against Samuel H. Clubb and Sally J. Clubb, his wife, the mortgagors, the father and mother of the complainants.

The ground relied on to vacate the sale was that the homestead right of the mortgagors was not released by the mortgage, and had been sold under the decree.

The proceedings in the foreclosure suit are set up in the answer, from which it appears the homestead right was released in the body of the mortgage, but the certificate of acknowledgment is in the ordinary forms, where only the wife's dower is relinquished, or her estate is conveyed. It does not show explicitly that the wife acknowledged the release of her homestead right.

Under the rulings of this court, the mortgage was inoperative to release the homestead right, because it does not appear from the certificate of acknowledgment that the wife acknowledged that she specifically released her homestead right voluntarily. *Vanzant* v. *Vanzant*, 23 Ill. 536; *Boyd* v. *Cudderback*, 31 id. 113; *Smith* v. *Miller*, 31 id. 157.

The only real question, then, presented on this record for determination is as to the effect of the decree in the foreclosure suit—whether it is a bar to the relief here claimed by the complainants, the children of the defendants in that suit.

The bill in the, foreclosure suit alleged a conveyance of the premises, by way of mortgage, by Samuel H. Clubb and Sally J., his wife, "to hold unto your orators, their heirs and assigns, in fee simple forever free and clear, and unincumbered and free and clear of the right of dower and any and all right of homestead;" and prayed that in default of payment of the mortgage debt by a day to be named, the said Samuel H. and Sally J., his wife, and all persons claiming under them, might be barred and foreclosed of and from all right of homestead in and to the mortgaged premises; and the decree found "that said mortgage releases all the claims of said defendants, or either of them, to the benefit of the exemption provided by law as a homestead to said defendants, or either of them." The decree was entered *pro confesso.*

There being an allegation in the bill of foreclosure that the mortgage conveyed the premises to be held free and clear of all right of homestead, and the decree finding that the mortgage did release the homestead right of the defendants, there was an express adjudication against the homestead right by a court having jurisdiction of the subject and the parties, and, according to the well settled principle, the decree can not be questioned collaterally, but, until reversed, it is conclusive upon the parties and their privies; and the homestead right forms no exception to the rule. *Miller* v. *Sherry,* 2 Wall. 237; *Tadlock* v. *Eccles,* 20 Texas, 782.

But the main stress is laid by the appellants upon the point that the decree in the foreclosure suit is not binding upon them, as they were not parties to that suit, and are not privies of the defendants therein, as they do not inherit the homestead, but it is a right which the law gives them after the death of the father and mother, unless released or abandoned by them.

The statute in this respect, after providing for the homestead exemption, declares: "Such exemption shall continue after the death of such householder, for the benefit of the widow and family, some or one of them continuing to occupy

such homestead, until the youngest child shall become 21 years of age, and until the death of such widow."

During the life of the parents, the children have no vested interest; the former have the whole title and the absolute right of disposition without the concurrence or consent of the children. The parents may release the homestead right or put an end to it by abandonment, and the children can assert no right therein adversely to the acts of the parents. Whatever concludes the latter from asserting the homestead right, and thereby deprives them of it, must, on principle, in like manner affect their children who succeed them.

The court having in the foreclosure suit expressly found, on the allegation of the bill to that effect, that the homestead right was released, and that decree having been allowed by the defendants, Clubb and wife, to stand in full force, their children, who can only claim under them, must, as privies, be held barred from claiming the right. *Tadlock* v. *Eccles, supra.*

The present does not conflict with former decisions of this court cited by appellants' counsel, to the effect that where a bill is filed to foreclose a mortgage executed by a householder and his wife, in which the homestead right was not released, the omission on their part to interpose their claim to that right as a defense to the bill, would not operate as a waiver of the right, and that it could be asserted afterwards.

In those cases, the bill contained no allegation in respect to the homestead right, and the question as to its existence was not expressly adjudicated; they were unlike the present.

The decree of the court below is affirmed.

*Decree affirmed.*