CHARLES F. HAYACK, Admr.

*v.*

MARIA WILL *et al.*

*Opinion filed November 8, 1897.*

1. COURTS—*probate courts have same powers as county courts as to sale of land to pay debts.* Probate courts, in counties having a population of over seventy thousand, have the same powers as county courts with reference to proceedings to sell real estate to pay debts.

2. HOMESTEAD—*construction of section 2 of the act on exemptions.* The provisions of section 2 of the Exemption act, (Rev. Stat. 1874, p. 497,) which extend the homestead exemption to a surviving husband or wife and to "the children until the youngest one becomes twenty-one years of age," do not vest the homestead estate in the children until the death of both parents.

3. SAME—*widow's consent to sale of homestead is conclusive upon minor children.* Consent by a widow to the sale of the homestead in her deceased husband's estate is conclusive upon minor children, and extinguishes their homestead interest, except where the widow stands in the relation of step-mother to such children.

APPEAL from the Probate Court of Cook county; the Hon. C. C. KOHLSAAT, Judge, presiding.

Appellant, as administrator of Frederick Will, filed his petition to sell land to pay debts, which contained all jurisdictional averments. It appeared the deficiency of the personal estate to pay the debts of said deceased amounted to the sum of $1087.25. Said Frederick Will died seized in fee simple of an undivided half of lot 21, in block 7, in Cass' subdivision of the east thirty acres of

the south sixty-four acres of the north-west quarter of section 25, township 39, north of range 13, east of the third principal meridian, situated in the city of Chicago, county of Cook and State of Illinois, which real estate is unencumbered, and was, at the time of the death of said Will, improved with a one-story dwelling house, which was occupied, in part, at the time of the death of said Will, by him as a homestead, and which is still occupied by his widow and minor children as a homestead. Said real estate is worth more than the sum of $1000.

The appellant, with the petition, also filed the consent, in writing, of Maria Will, the widow of said Frederick Will, to sell her interest in said homestead estate, together with the rest of said property,—which consent was duly signed and acknowledged as provided by law, by said Maria Will. Accompanying said petition there was also filed an instrument in writing signed by said Maria Will, wherein she represented to the judge of said probate court that she is the mother of William Will, Frederick Will and Henry Will, minor children of said Frederick Will, and that they reside with her and are supported by her, and wherein she represented to said judge that it was for the best interest of said minors that their homestead interest in said premises be extinguished. The instrument was duly verified by said Maria Will.

The petition for the sale of said real estate set forth the consent, in writing, of said widow to the sale of her homestead interest and estate in said real estate, and also set forth that it was for the best interest of said minors that their homestead estate and interest in said premises be extinguished, and prayed the court to order by its decree the homestead interest and estate of said minors extinguished, and that said premises be sold disencumbered, and free and clear of the homestead rights of said widow and said minor children.

Isadore H. Himes was duly appointed guardian *ad litem* for said minors and filed his demurrer to the petition, al-

leging the probate court had no jurisdiction to extinguish the homestead of said minors, which demurrer was sustained and the administrator prosecutes this appeal.

KING & GROSS, and SIMEON STRAUS, for appellant.

JOHN STELK, and SEWARD S. SHIRER, for appellees.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

It was said in *Clubb* v. *Wise*, 64 Ill. 157: "During the life of the parents the children have no vested interest. The former have the whole title, and the absolute right of disposition without the concurrence or consent of the children. The parents may release the homestead right or put an end to it by abandonment, and the children can assert no right therein adversely to the acts of the parents. Whatever concludes the latter from asserting the homestead right, and thereby deprives them of it, must, on principle, in like manner affect their children who succeed them." This was held under the earlier statute, but by later legislation in this State it is provided that the exemption shall continue after the death of such householder entitled to a homestead, "for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, and of the children until the youngest child becomes twenty-one years of age." (Rev. Stat. 1874, chap. 52, sec. 2.) By section 4 of the same chapter it is provided: "No release, waiver or conveyance of the estate so exempted shall be valid unless the same is in writing, subscribed by said householder and his or her wife or husband, if he or she have one, and acknowledged in the same manner as conveyances of real estate are required to be acknowledged, or possession is abandoned or given pursuant to the conveyance, or, if the exemption is continued to a child or children, without the order of the court directing a release thereof."

Section 101 of the Administration act (Hurd's Stat. 1897, p. 125, par. 100,) provides, among other things, as follows: "And may also, with the assent of the person entitled to an estate in dower, or by the curtesy, or for life or for years, or of homestead to the whole or in part of the premises, who is a party to the suit, sell such real estate with the rest. But such assent shall be in writing and signed by such person, and filed in the court wherein the said proceedings are pending. When any such estate is sold the value thereof shall be ascertained and paid over in gross, or the proper proportion of the funds invested and the income paid over to the party entitled thereto, during the continuance of the estate." This provision is with reference to proceedings for the sale of lands to pay debts, and in construing these several sections and different statutes they are to be construed *in pari materia.*

The husband entitled to a homestead dying and leaving a widow and children, the homestead becomes vested in the widow, who may sell, encumber or abandon the same. In case of a sale or encumbrance by such widow, with proper acknowledgment, the conveyance or lien is complete as against the children. They are not vested with a right equal to that of the widow, but their right is subordinate to hers. She dying, they become vested with the estate of homestead if under twenty-one years of age, and the last clause of section 4 of chapter 52 applies to them; or if there be no widow, but children of required age, that clause also applies.

By the provisions of the Probate Court act (Starr & Curtis' Stat. 1897, p. 528,) probate courts in counties having a population of more than seventy thousand are vested with the same powers and jurisdiction, with reference to the sale of land to pay debts, as are county courts under the Administration act. Under these various provisions of the statutes of this State the probate court of Cook county has power to enter a decree to sell land to pay debts, and, with the assent of the person entitled to

an estate in dower, or for life, or for years, or of homestead in the whole or part of the premises, who is a party to the suit, may include such particular estate to be sold with the rest, where the assent is in writing, signed, etc. The widow surviving, with children also surviving, is vested with the estate of homestead, and her assent would be conclusive on the children and would bar their right to a homestead therein. An exception to this rule exists in a case where the householder leaves minor children by a former marriage, and the surviving husband or wife is only step-parent to such children. In such case, if the step-parent does not stand *in loco parentis* he owes no duty of support to such children, and cannot convey, release, abandon or dispose of the homestead so as to extinguish their interest. Where a sale of the homestead is had in such case, the proceeds thereof should be distributed to the surviving householder and the step-children in proportion to their respective interests. (*Capek* v. *Kropik*, 129 Ill. 509.) If a widow has no right to consent to a sale of her homestead that would defeat the right of the heirs thereto, then a widow in delicate health, with an infant child dependent on her for support, whose homestead is a small farm which she could not till or occupy or rent, would be practically deprived of the benefit of such homestead.

We hold that the widow may consent to a sale of the homestead, and thereby bar the right of her children to a homestead in the land.

The writer of this opinion refrains from discussing the question as to whether the interest of one tenant in common will support the right of homestead in such premises, as that question has not been argued.

The judgment of the probate court of Cook county in sustaining the demurrer was error. That judgment is reversed and the cause is remanded.

*Reversed and remanded.*