GLEN WALKER *et al.*

*v.*

ANNA A. WALKER *et al.*

*Opinion filed October 16, 1899.*

HOMESTEAD—*minor children living with divorced wife are entitled to homestead.* An estate of homestead should be set off jointly to the widow and minor children of the deceased head of the family although some of the children were born to the deceased by a divorced wife, with whom they have resided since the divorce decree, which forfeited her rights in the property but not the children's.

APPEAL from the County Court of Tazewell county; the Hon. GEORGE C. RIDER, Judge, presiding.

DAN R. SHEEN, and A. KREISMAN, for appellants.

FRANK B. MCKENNAN, and N. W. GREEN, for appellees.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

This is an appeal from an order of the county court of Tazewell county in a proceeding brought by Frank Walker, administrator of the estate of William Walker, deceased, for the sale of lands to pay debts. The deceased, at the time of his death, was in possession of the lands sought to be sold, consisting of one hundred and sixty acres, and was occupying the same as a homestead. With him resided his widow, Anna A. Walker, and their child, George Walker, who was about four years old, and Winnifred Walker, about fourteen years old, a child of the deceased by a divorced wife, Meda Walker. Shortly after his death another child was born, who died about a month afterwards. Two other children of the deceased, to-wit, Jane Lenore Walker and Glen Walker, aged, respectively, about ten and twelve years, lived with their mother, Meda Walker, to whom, by the decree of divorce, was given their care, custody and education, the

care, custody and education of Winnifred having by said decree of divorce been awarded to the deceased, William Walker. After William Walker's death, Meda Walker, the divorced wife, obtained a modification of the decree, by which modification the care, custody and education of Winnifred were also awarded to her, and she took Winnifred home to live with her. The divorce between the deceased and Meda Walker was obtained for the fault of the wife, and by the decree she was divested of all right of dower or jointure, and was made to forfeit all rights in the estate, real or personal, of William Walker, and was given no alimony, but he was required to pay to her the sum of $200 annually for the care and education of the two children placed in her custody. All the above named were made parties, and also one Abram Brokaw, who holds a $6000 mortgage given by Walker and his wife on the premises.

The petition sets out that Anna A. Walker is in the possession of the property, and avers that she is entitled to homestead and dower in the premises, and asks that the same may be set off and assigned to her, or that the lands be sold subject to said dower and homestead rights. Anna A. Walker answered, admitting the averments of the petition, and setting out that she is entitled to a double child's portion because of the death of her son Frank, and asks that before any order or decree of sale of the real estate be made, her dower and homestead be allowed and set off to her therein, and that said dower and homestead be allowed out of that part of the premises upon which the homestead is now situated. All the minors answered by their guardian *ad litem*, and Winnifred, Jane Lenore and Glen Walker answered by Meda Walker, their mother, as their guardian, claiming to have a homestead interest in the premises, together with Anna A. Walker.

At the January term, 1899, the court appointed three commissioners to set off the dower and homestead estate of Anna A. Walker. They afterwards made report that

they set off to her ten acres, including the house, as home-stead, and fifty acres adjoining as and for her dower. The appellants, Winnifred, Glen and Jane Lenore Walker, by Meda Walker, their guardian, and George W. Cunning-ham, their guardian *ad litem,* moved the court to set aside said finding and report. In their motion they further asked the court to decree and find that they have a joint right and interest with Anna A. Walker in and to said homestead estate. The motion was overruled and excep-tion taken. The court thereupon entered its final order, approving the report of the commissioners and ordering sale of all the property except the ten acres set off to the widow as homestead, subject to the mortgage and the widow's dower rights.

The question, then, for adjudication by this court is, whether, upon the death of the father, his widow only living with him at the time of his death and occupying the home, such widow was entitled to an estate of home-stead, or whether the same should have been set off to her and the children of the deceased, jointly; and, if the children are entitled to participate in such allotment, whether children of the deceased and the widow jointly, as well as children of the deceased by a former wife and not living with her, are entitled.

Section 2 of chapter 52 (Hurd's Stat. 1897, p. 815,) pro-vides that "such exemption shall continue after the death of such householder, for the benefit of the husband or wife surviving, so long as he or she continues to occupy such homestead, and of the children until the youngest child becomes twenty-one years of age." Section 4 pro-vides: "No release, waiver or conveyance of the estate so exempted shall be valid, * * * if the exemption is continued to a child or children, without the order of a court of competent jurisdiction directing a release thereof."

In the case of *Kingman* v. *Higgins,* 100 Ill. 319, we held that the widow could abandon her homestead, and, by

taking her own child with her, bind it to an abandonment and consequent release of the homestead, but that such abandonment would not affect her step-children, (the children of the deceased,) and that they would still be entitled to the homestead, and that the widow could not release the estate of homestead by deed so as to bind them.   The court say (p. 325):   "Being the natural guardian of her own child she had its custody and control, and had the right to remove it permanently from the homestead, and thereby abandon all its claim to the estate of homestead.   She possessed that power to the same extent that the head of a family may remove his family from and abandon the homestead."   Continuing, the court, with reference to the rights of her step-children, say:   Their "rights depend on a different principle. The law does not impose on the step-mother the duty of supporting them, nor does it give her a right to their custody.   *   *   *   The statute conferred the right (of homestead) upon them all alike.   *   *   *   They took, as against creditors, the same rights as did the widow." This case was followed by *Capek* v. *Kropik*, 129 Ill. 509, where we held that where a sale of the homestead is had, the proceeds thereof should be distributed to the surviving householder and the step-children in proportion to their respective interests.

In *Hayack* v. *Will*, 169 Ill. 145, it was held that consent by a widow to the sale of the homestead in her deceased husband's estate is conclusive upon minor children and extinguishes their homestead interest, but that this is not so where the widow stands in the relation of stepmother to the children.

In *Stunz* v. *Stunz*, 131 Ill. 210, the testator devised one-third of the net income of his estate to his wife during life, and provided that she should enjoy the right to live on the homestead, "but not to the exclusion of my children, until she shall marry again."   A posthumous child having died, the widow filed her bill for partition between

herself and three children of deceased by a former wife.
The decree entered found that the widow had a home-
stead interest in the premises of $1000, and a decree of
partition and sale was entered, subject thereto. It does
not appear whether the step-children resided with the
deceased at the time of his death or not. This court, on
writ of error, held the decree of the circuit court to be
erroneous in failing to decree an estate of homestead in
the children.

In *Lagger* v. *Mutual Union Loan Ass.* 146 Ill. 283, this
court, in construing the effect of a mortgage with release
of homestead and with covenants of warranty, executed
by the mother, as owner, in fee, through an administra-
tor's deed which was set aside, upon the homestead estate
to which her children became entitled upon the death of
their father, said (p. 303): "The latter clause of section 3,
which provides that no release of the homestead shall be
valid without an order of court if the exemption is con-
tinued to a child or children, does not refer exclusively
to a case where such child or children occupy the home-
stead alone and without the presence of either parent.
The exemption is continued to the children, as well when
they occupy the homestead jointly with the surviving
parent, as when they occupy it alone after the death or
desertion of the surviving parent. It follows that there
must be an order of court to make the release of the
homestead valid as well when the children are occupy-
ing it jointly with the surviving parent as when they
are occupying it alone.  *  *  *  In *Kingman* v. *Higgins,*
*supra,* the father died owning the premises, and occupy-
ing them as a homestead and leaving children by a former
wife, and also leaving a second wife and her infant child.
The widow took her own child and went to her father's
house, abandoning the homestead and leaving it in the
possession of her step-children. It was held that she
and her child lost the right of homestead but that the
other children retained it, and that their homestead could

not be released without an order of court.   But the case is not authority for the position that the release could have been made by the widow without an order of court if she and her child had remained with the other children, she and they jointly occupying the premises as a homestead."

It is clear, under the authorities above cited, that had the step-children been living with their father at the time of his death and occupying the premises for their home, the homestead would enure to them jointly and equally with the widow.   Nor do we understand counsel for appellees to contend otherwise, but they insist that because of the decree of the circuit court awarding the care, custody and education of the children to their mother, Meda Walker, and her taking the children to live with her away from the premises, they have lost or forfeited the homestead estate therein.   By the divorce proceeding and decree thereunder the children were not given a new or separate home.   Indeed, no provision of alimony or aught else was made for them, but the court found the mother to be a proper person with whom to entrust their keeping, and provided the father should pay $100 annually for each in contribution towards their support.   Under that proceeding she forfeited all rights to the homestead, but it were to institute a harsh rule to say that the children must likewise suffer.   To so hold would be to read into the statute a meaning of which it is not susceptible.   Section 2 above quoted does not name as a condition precedent to the taking or enjoyment of the estate, so far as the children are concerned, that they must occupy the homestead, but continues the exemption, without qualification, until the youngest child becomes twenty-one years of age.

Where a mother is in full possession of the homestead with her own child, and of her own free will leaves, taking her child with her, with the intention of abandoning her homestead, we have held that her act binds the

child, and that the welfare of the child in such a case can safely be trusted to a mother's judgment, love and maternal solicitude for her offspring. Here the mother has by no determination of hers sought, either for herself or her children, to abandon or forfeit the homestead, but is actively asserting her children's right thereto. Neither could she release the homestead, so as to bind her children, without an order of court permitting same, and that has not been done in this case. It is equally clear that the children could not contract so as to release the same. Being minors, they would not be bound by any acts done or agreement made to that end. As minors, it is the duty of the court to determine for them their rights as fixed by law. The statute has fixed these rights.

The county court erred in finding Anna A. Walker, only, entitled to the estate of homestead, and in having the same set off to her. The order and finding should have been that she and all of deceased's children were entitled, and should have ordered homestead set off to them jointly.

The judgment of the county court is reversed and the cause remanded, with directions to enter final order and judgment in accordance with what is here said.

*Reversed and remanded.*