WINIFRED WALKER *et al.*

*v.*

ANNA WALKER *et al.*

*Opinion filed February 21, 1902—Rehearing denied April 5, 1902.*

1. HOMESTEAD—*homestead estate is a joint tenancy of widow and children.* In Illinois the homestead estate is, during the period of its existence, a joint tenancy, the principle of survivorship being inseparably connected with it.

2. SAME—*homestead estate cannot be partitioned or sold against widow's objection.* Children of a deceased householder by a former wife, although entitled, during minority, to occupy and enjoy the homestead jointly with the widow and her minor children, cannot maintain a bill to have the homestead estate, or the land occupied as a homestead, partitioned or sold and to compel the widow to account to them for their share of its rental value.

APPEAL from the Circuit Court of Tazewell county; the Hon. N. E. WORTHINGTON, Judge, presiding.

SHEEN & MILLER, for appellants.

H. C. FRINGS, and F. B. McKENNAN, for appellees.

Mr. CHIEF JUSTICE WILKIN delivered the opinion of the court:

This is a bill in chancery, filed in the circuit court of Tazewell county, praying for partition of ten acres of land and for an accounting as to rents and profits. The land was owned in his lifetime by William Walker, and is a part of a tract of one hundred and sixty acres, all of which he owned at the time of his death, December 26, 1896. It appears that he had been married twice; that he was divorced from his first wife, Meda Walker, and had three children by that marriage, namely, Winifred Walker, Glenn Walker and Jane Lenore Walker, all of whom are infants, of the ages of thirteen, eleven and nine years, respectively. After the divorcement he was married again, and there were born to him by that marriage George and Frank Walker. The latter died subsequently to his father's death. At the time of his death William Walker was residing upon the ten acres in question with his second wife, Anna Walker. In a proceeding by the administrator to sell real estate to pay debts this tract of ten acres was set off to the widow and children as a homestead, and in that proceeding, which came before this court upon appeal, (*Walker* v. *Walker*, 181 Ill. 260,) by direction of this court the final decree found that the widow and the two sets of children were entitled to the estate of homestead jointly.

This bill is filed by the children of the first marriage, by their mother as next friend, against the widow and her minor children, alleging that the homestead, since it was allotted, has been of the rental value of ten dollars

per month; that the defendants have refused, and still refuse, to account to complainants for any of said rents, they insisting on the exclusive right to the same and its rental value; that the tract is not susceptible of division; that the widow will not enable the complainants to obtain any benefit of said homestead. The prayer is, that an accounting may be had, and that the widow be required to pay to each of these complainants a part of the rental value of the homestead since the death of William Walker, and also that a partition may be made of the same, and if that cannot be done, the premises may be sold and the proceeds divided according to the rights and interests of the parties. The widow answered, denying that she refuses to recognize the complainants' rights in the homestead, but avers that they have no right to exclude her from any part of the whole homestead estate, and further avers that it is not subject to partition or sale without her consent. Upon a hearing the master recommended, and the court decreed, a dismissal of the bill for want of equity, the finding being, that since the date of the decree in the county court, in the proceedings there had, the widow has not denied complainants the joint occupancy of the homestead with herself, and it was held that the complainants could not compel a partition of the homestead as against their step-mother. To reverse that decree complainants bring the cause here upon appeal, insisting that the circuit court erred in refusing to grant the partition prayed, and in refusing to compel the widow to account to them for their share of the rental value of the homestead.

We think the decree below was right. If it is sought by the bill to partition the land occupied as a homestead and sell it subject to the homestead estate, under the well settled law of this State it cannot be done. (*Hartman* v. *Schultz*, 101 Ill. 437; *Oettinger* v. *Specht*, 162 id. 179; *Mueller* v. *Conrad*, 178 id. 276.) The contention of appellant seems to be, that the widow and the two sets of

children are mere tenants in common in the homestead estate, and that their respective shares therein may be set off to them in a proceeding in partition. In *Walker* v. *Walker, supra,* where these same parties were before this court, it was held, under the authorities there cited, that the two sets of children, together with the widow, were entitled to a homestead, jointly. The estate of homestead is in this State, during the period of its existence, a joint tenancy, the principle of survivorship being inseparably connected with it. When the estate is cast upon the family of a deceased householder it is enjoyed as a whole by all the members jointly entitled to it, and upon the death of one the interest of the survivors is enlarged to that extent. In the case of minor children, as they become of age their interests cease and the remaining members of the family succeed to the whole homestead estate. It would therefore be impracticable to attempt to allot to each member of the family a share of it, and clearly such was not the intention of the legislature in passing the act creating it. In Freeman on Cotenancy and Partition (sec. 60) it is said: "The homestead right cannot be partitioned against the objection of the surviving wife, on the application of the other heirs and after the decease of the husband. She has the right, at least as long as she resides on the premises with her family or with any minor children of the family, to occupy and enjoy the whole homestead. The heirs cannot curtail this right by compelling her to submit to a partition of the premises, and to confine her subsequent enjoyment to the portion assigned to her."

Whether a court of equity, on a proper bill, would compel a widow to permit her children or step-children to occupy and enjoy the homestead jointly with her is not involved in this case, there being no evidence whatever to sustain the allegation that the widow refuses to permit these complainants to so occupy and enjoy the homestead.

The decree of the circuit court refusing to grant partition of the homestead estate, or of the land occupied as a homestead subject to the homestead estate, and in refusing to compel appellees to account for the rental value of any portion thereof, was proper, and will be affirmed.

*Decree affirmed.*