### Raleigh Allen et al., Appellees, v. Susan Allen, Administratrix, Appellant.

1. EXECUTORS AND ADMINISTRATORS—*practice on appeal from order sustaining exceptions to final report.* An appeal by an administratrix from an order sustaining exceptions to certain items of her final report must be treated separately as to each item and no other part of the account is involved.

2. EXECUTORS AND ADMINISTRATORS—*circuit court's jurisdiction on appeal from order rejecting items of final report.* An appeal by an administratrix from a judgment of the county court rejecting some items of her report does not give the circuit court jurisdiction of the whole account but only of the rejected items, and that court cannot hear evidence as to any of the items allowed by the county court.

3. EXECUTORS AND ADMINISTRATORS—*questions reviewable on appeal to circuit court from order sustaining objections to final report.* On appeal by an administratrix from an order of the county court sustaining objections to certain items of her account, the appellees could not question the right of appellant to be appointed administratrix or whether the homestead premises were subject to sale to pay debts.

4. EXECUTORS AND ADMINISTRATORS—*when disallowance by circuit court of item in final report improper.* Where no objection was filed to a certain item in the account of an administratrix and no question was raised as to it in the county court or in the circuit court, it was error for the latter to disallow it.

5. EXECUTORS AND ADMINISTRATORS—*when objections to final report improperly sustained in circuit court.* It was error for the

circuit court to sustain objections to the report of an administratrix where such objections were overruled in the county court and were not appealed from.

6. APPEAL AND ERROR—*when cross-assignment of error insufficient to raise question for review.* Where no one appealed from the allowance of a separate item in the account of an administratrix, its allowance cannot be questioned in the Appellate Court, a cross-assignment of errors being insufficient to bring it before the court.

7. DOWER—*insufficiency of antenuptial agreement to release.* An antenuptial agreement releasing the wife's right of homestead is insufficient where no recital of such release appears in the acknowledgment.

8. HOMESTEAD—*when widow's right not released by antenuptial agreement.* Where a deceased left minor children and a widow, an antenuptial agreement was ineffective to release the widow's right of homestead.

9. EXECUTORS AND ADMINISTRATORS—*insufficiency of antenuptial agreement to bar widow's award.* An antenuptial agreement whereby each party releases all rights in the property of the other will not bar the statutory widow's award.

10. EXECUTORS AND ADMINISTRATORS—*widow's right to award for children of deceased's former marriage.* A widow is entitled to the $200 allowance for each child of intestate under 18 years of age at the time of his death though they are children by a former wife.

11. HOMESTEAD—*effect of sale to pay debts under authority of court.* Where it appears that by the petition to sell the real estate of a deceased person to pay debts it was brought to the attention of the court that the property was a homestead and that there were three minor children, and the court approved the distribution of a part of the proceeds of the sale after the objections to the final report had been heard, it should be held that the county court had, in effect, authorized the release of the interests of the minor children in the homestead premises and that the present value of their interests should be ascertained and paid to them, instead of clouding the title of the purchaser.

12. HOMESTEAD—*exemption from liability for debts of deceased.* The estate of homestead is an exemption and cannot be taken in payment of the debts of deceased without the consent of the one entitled thereto.

13. EXECUTORS AND ADMINISTRATORS—*when widow's award payable.* The statutory widow's award is a debt and should not be paid until the present value of the homestead estate has been ascertained and paid over to the parties entitled thereto.

14. HOMESTEAD—*calculation of value of widow's interest.* The present value of a widow's homestead estate, where deceased left

minor children, would be the present value of the interest of each child, figured at 5 per cent on his share until he would become 21 years of age, subtracted from the present value of the widow's estate of homestead in $1,000, figured according to her age under the usual tables.

Appeal from the Circuit Court of Hamilton county; the Hon. CHARLES H. MILLER, Judge, presiding. Heard in this court at the March term, 1921. Reversed and remanded with directions. Opinion filed November 10, 1921.

J. H. LANE and CREIGHTON & THOMAS, for appellant.

W. W. DAILY and H. ANDERSON, for appellees.

MR. JUSTICE BARRY delivered the opinion of the court.

Frank A. Allen died intestate on May 16, 1918, leaving his widow, Susan Allen, and appellees, his children by a former wife, three of whom were minors at the time of his death. Chester, one of the minors, lived with the stepmother for about a year after the death of his father. The widow was duly appointed administratrix and is appellant herein. The intestate and his second wife were married in 1914, and at that time and also at the time of his death he owned his homestead in McLeansboro, Illinois, and a small amount of personal property.

Prior to the said marriage the parties thereto entered into an antenuptial contract by the terms of which each, in consideration of one dollar and mutual covenants, purported to release all rights of every kind and character in the property of the other.

Following the appointment of the administratrix, appraisers were appointed who fixed the widow's award at $500 and $200 additional for the support of Chester. There were some other small claims against the estate and there was a mortgage for $150 on the homestead.

Appellant filed a petition to sell real estate, the homestead premises, to pay debts, and appellees were made parties thereto and a guardian *ad litem* was appointed to represent the minors. The adults were defaulted. The petition set up that the premises were the homestead of the intestate and his widow and minor children at the time of his death, and that there was a mortgage thereon for $150. The widow filed her consent to a sale of the premises free from her dower and homestead, and agreed to accept the present value thereof in cash.

A decree was entered directing a sale of the premises in which no mention was made of the homestead estate or the mortgage thereon. The premises were duly advertised and sold for $1,000, and the sale was approved by the court. Later appellant filed her final report as administratrix in which she charged herself with the proceeds of the real estate and other small items, making the total receipts $1,190.86, against which she took credit, among other things, of having paid her widow's award of $500 and $100 on account of Chester, $159 for the amount of the mortgage paid by her and $196.71 on the present value of her homestead.

To that report all of the stepchildren filed objections as follows:

1.   That letters of administration were improperly issued to appellant, because she had no interest in the estate as she had entered into an antenuptial contract with deceased wherein she had relinquished all rights in his estate.

2.   That the real estate was improperly sold to pay debts.

3.   That the costs and expenses charged by reason of said sale were not a proper charge.

4.   That the $500 for the widow's award was improper, unlawful and invalid.

5.   That the $100 retained on account of Chester is improper because appellant had not expended it for his benefit.

6. That the payment of $196.71 on the present value of the homestead estate was improper and should not be allowed.

7. That all claims of appellant for homestead, widow's award, or any right and benefit claimed by her as widow were improper and unlawful.

8. That the widow's relinquishment and selection of personal property is unlawful and should not be allowed.

The county court held the antenuptial contract was valid and sustained the objections to the amount paid the widow as her award and to the amount paid her on her homestead and allowed the widow $40 cash on hand at death of intestate and so much of personal property as belongs to the widow, and she was ordered to amend her report accordingly. Appellant perfected an appeal to the circuit court from that order in so far as it sustained the objections to her report, but appellees did not appeal from the order in so far as their objections were overruled.

An appeal by an administrator from an order sustaining exceptions to certain items of his final report must be treated separately as to each item and no other part of the account is involved. *Whittemore v. Coleman,* 239 Ill. 450.

Appellant's appeal to the circuit court did not give that court jurisdiction of the whole account or report, but only of the rejected items, and that court could not hear evidence as to any of the items allowed by the county court. *Curts v. Brooks,* 71 Ill. 125; *Morgan v. Morgan,* 83 Ill. 196; *Marshall v. Coleman,* 187 Ill. 556. It will be seen, therefore, that the circuit court had no jurisdiction to hear and determine any questions except as to whether appellant was entitled to credit for the amounts retained by her on her award and homestead. But aside from that appellees could not, in this collateral proceeding, question the right of appellant to be appointed administratrix, or whether the

homestead premises were subject to sale to pay debts. *Sheahan v. Madigan*, 275 Ill. 372.

Notwithstanding the fact that the jurisdiction of the circuit court was limited as aforesaid, it ordered that the $500 paid the widow on her award, the $159 paid on the mortgage and the $196.71 paid her on her homestead be disallowed, and that all objections to the report be sustained except that to the amount of the award on behalf of the minor children which was overruled, and appellant was ordered to amend her report accordingly.

It should be observed that no objection was filed by appellees to the amount of $159 paid on the mortgage, and that question was not raised in the county court nor in the circuit court, and yet the latter court disallowed it. This was clearly erroneous. It was also error for that court to sustain all objections to the report except the amount of the award on behalf of the minors, for the reason that the objections which were overruled by the county court were not appealed from and were not before the circuit court.

The circuit court allowed the $100 item for which appellant took credit on account of the award to her on behalf of Chester, one of the minors. While appraisers allowed her $200 for that purpose she only took credit for $100, and that is all that was in question. That was a separate item of her report and was approved by the circuit court and no one appealed from the order as to that item, and the propriety of its allowance cannot be raised in this court. Appellees say that they have questioned it by assignment of cross errors, but it has been held that cross errors will not lie in such a case. *Millard v. Harris*, 119 Ill. 185.

As we view the case, the only questions before this court are whether the payments of $500 and $196.71 made to appellant on account of widow's award and homestead are proper credits. The determination thereof depends on the validity of the antenuptial con-

tract. That instrument purports to release the right of homestead, but the certificate of acknowledgment does not contain a recital of the release and waiver thereof.

The statute expressly provides that no instrument shall be construed as releasing or waiving the right of homestead unless recited therein and also in the acknowledgment. Rev. St. Ill. ch. 30, sec. 27 (Cahill's Ill. St. ch. 30, ¶ 28).

Such a recital must appear in the acknowledgment of an antenuptial contract before it will operate as a release of homestead. *Zachmann v. Zachmann*, 201 Ill. 380. For lack of a recital in the acknowledgment in the case at bar the antenuptial contract was insufficient to operate as a release of homestead.

It was ineffective for that purpose for another reason. The deceased left minor children and his widow and a homestead. Under the statute the homestead continued for the benefit of the widow so long as she continued to occupy it, and of the children until the youngest child became 21 years of age. Rev. St. ch. 52, sec. 2 (Cahill's Ill. St. ch. 52, ¶ 2). That means that the minor children were entitled to occupy and enjoy the homestead jointly with the widow even where they were not residing with her and her husband at the time of his death, *Walker v. Walker*, 181 Ill. 260, but as the minors reach the age of 21 their interests cease and the widow's interest is increased to that extent. *Walker v. Walker*, 195 Ill. 409.

The antenuptial contract was ineffective to bar the widow's award. Upon the death of the intestate the statute provided that his widow should be allowed a widow's award. That such allowance shall in no case be less than $500, together with an additional sum not to exceed $200 for each minor child of the intestate under 18 years of age at the time of his death. Rev. St. ch. 3, sec. 74 (Cahill's Ill. St. ch. 3, ¶ 75). The statute is not limited to cases where the minor child is

a child of the marriage between the deceased and his widow.

"On reason there is no distinction between an antenuptial contract attempting to bar the right of the widow's award and one seeking to extinguish the homestead right of the wife.   *   *   *   Both are for the benefit of the widow and minor children," *Colbert v. Rings,* 231 Ill. 404, page 412.  It has been held that a widow whose family consists, in part, of a child of the deceased husband may repudiate an executory antenuptial contract releasing the widow's award and that homestead rights cannot be waived by such a contract under such circumstances.  *Zachmann v. Zachmann,* 201 Ill. 380.

It is argued by counsel for appellees that the last-mentioned case is not in point, because the contract was executory in that it provided for the payment of money to the widow after her husband's death, and was not one of mutual releases without other consideration as in the case at bar.  We find, however, that where antenuptial contracts made no provision for the wife, but simply contained mutual releases of all rights in the property of the other, and at the husband's death the widow and minor children survived, it was held that the contracts did not bar homestead or widow's award.  *Phelps v. Phelps,* 72 Ill. 545; *McGee v. McGee,* 91 Ill. 548.  Other cases recognize the rule to be that if the deceased husband leaves a widow and minor children an antenuptial contract will not bar widow's award or homestead, although such a contract is binding if the widow alone is left surviving.  *Kroell v. Kroell,* 219 Ill. 105; *Pavlicek v. Roessler,* 222 Ill. 83, and *Colbert v. Rings,* 231 Ill. 404.

While the minor children were entitled to occupy and enjoy the homestead jointly with the widow until and as they reached the age of 21 years, and no express order was made by the county court directing a release thereof as provided by Rev. St. ch. 52, sec. 4

(Cahill's Ill. St. ch. 52, ¶ 4), yet it appears that by the petition for leave to sell real estate to pay debts it was brought to the attention of the court that the property was a homestead and that there were three minor children at the time the decree was entered, that the premises were sold thereunder and the report of sale approved, and that the court approved the distribution of a part of the proceeds of said sale after the objections to the final report had been heard, and we are of the opinion that instead of clouding the title of the purchaser it should be held that the county court has, in effect, authorized the release of the interests of the minor children in the homestead premises, and that the present value of their interests should be ascertained and paid to them.

The estate of homestead is an exemption and cannot be taken from the one entitled thereto in payment of the debts of the deceased without his or her consent. The widow's award is a debt. It necessarily follows that the present value of the homestead estate should first be ascertained and paid over to the parties entitled thereto before the payment of the widow's award. The record does not disclose the ages of the three minors at the date of sale, except in the petition for leave to sell to pay debts it is stated that Viola is under 18 and Millage and Chester are under 21.

We are of the opinion that the present value of the homestead estate and the shares of the parties therein should be determined as follows: The widow and three minors were each entitled to one-fourth, but the share of each minor would cease on reaching 21 years of age, and would revert to the widow.

For instance, suppose Viola was 17 years old on the day of sale. She would be entitled to the present value of the interest on $250 at the rate of 5 per cent for 4 years. The shares of each of the three minors should be so figured and ascertained. Then the total present value of the shares of the three minors should

be deducted from the present value of the widow's estate of homestead in $1,000 figured according to her age under the usual tables and the balance of that present value would represent the share to which the widow is entitled. We think this is the proper basis because the widow would be entitled to the whole of the homestead estate after taking out the share of the minor children.

It is ordered that this cause be reversed and remanded to the circuit court with directions to take evidence only as to the ages of the three minors on the day the premises were sold by the administratrix, and determine the present cash value of the shares of the minors and the widow in the homestead estate in accordance with the views herein expressed, and when so ascertained the court shall order the administratrix to pay the said several sums before she shall pay to herself the widow's award of $500, which award is only to be paid out of what remains. The final report should be amended accordingly.

*Reversed and remanded with directions.*