# Griffin, *et al.* v. Griffin.

*Bill to Remove Estate and to Allot Homestead.*

(Decided January 15, 1914.   64 South. 350.)

1. *Husband and Wife; Domicile; Presumption.*—In law the domicile of the husband is presumptively the domicile of the wife, and the burden is on him who assumes the contrary to show it.

2. *Homestead; Allotment; Allegation.*—There being a presumption of the law that the domicile of the husband is that of the wife also,

[Griffin, et al. v. Griffin.]

a petition by a widow for the allotment of homesteads need not allege specifically that she is a resident of the state, as presumptions of law need not expressly be affirmed in the pleading.

APPEAL from Lee Law and Equity Court.

Heard before Hon. LUM DUKE.

Bill by Mary E. Griffin against W. S. Griffin and another to remove an estate from the probate to the chancery court, and to set aside the widow's homestead exemptions and dower. From a decree overruling demurrers to the bill respondents appeal. Affirmed.

BARNES & DENSON, for appellant. Counsel review the history of the homestead exemptions with the insistence that the policy of this state has been to restrict the benefaction of these statutes, both as to exemptions claimed in life and those to be claimed by the widows and children to residents of the state of Alabama.— *Allen v. Manasses,* 4 Ala. 454; *Boykin v. Edwards,* 21 Ala. 261; *Keiffer v. Barney Bros.,* 31 Ala. 191; *McBrayer v. Dillard,* 53 Ala. 174; *Murphey v. Hunt,* 75 Ala. 438; *Stephens, etc., Shoe Co. v. White,* 55 South. 503. Special attention is called to the case of *Ex Parte Pearson,* 76 Ala. 521, and *McCrary v. Chase,* 71 Ala. 550.

ALBERT E. BARNETT, for appellee. The husband's domicile fixes that of the wife, and the removal of the wife from the state does not operate to change her domicile, even though the wife is induced to leave the husband by his own harsh treatment.—*Harrison v. Harrison,* 20 Ala. 629; *Talmadge v. Talmadge,* 66 Ala. 202; 14 Cyc. 846. Residence in Alabama with decedent is not now a condition, but the status of widowhood or minority is the only condition of the claim and allowance.—Secs. 4196, 4197-9 and 4200, Code 1907; *Landford v. Lee,* 119 Ala. 248; *Nolan v. Doss,* 133 Ala. 259; *Coker v. Coker,* 160 Ala. 269; *Chamboredon v. Fayet,*

57 South. 845. The cases cited by appellant have reference to the status when residence in the family was a prerequisite, and hence, are without application.

SOMERVILLE, J.—The only question presented by the record is whether a widow's petition for the allotment of homestead in this state must expressly aver that she, as well as her deceased husband, was a resident of this state at the time of his death. It appears from the record in this case that the petitioner's deceased husband, through whom she claims the homestead, was a resident of Opelika, Lee county, Ala. The domicile of the husband is in law the domicile of the wife also.—*Talmadge v. Talmadge,* 66 Ala. 199; *Ex parte Pearson,* 76 Ala. 525; *Harrison v. Harrison,* 20 Ala. 629, 56 Am. Dec. 227. In the absence of any evidence to the contrary, it is a prima facie presumption of law that the residence of the husband is the residence also of the wife, and the burden of showing the contrary is, as a matter of pleading as well as of proof, cast upon the party who would deny such residence.

Presumptions of law need not be expressly affirmed in pleadings, and it was therefore not incumbent upon the widow in this case to aver that she was a resident of the state, and the demurrer was properly overruled.

The effect of the widow's nonresidence upon her homestead rights under our statutes is argued by counsel in their briefs, but the question is not presented by the record, and we do not feel justified in going out of the record to decide a question that may not arise upon the trial.

The judgment overruling the demurrers will be affirmed.

Affirmed.

ANDERSON, MCCLELLAN, and SAYRE, JJ., concur.