(76 South. 22)

CURRY v. BARNES. (6 Div. 507.)

(Supreme Court of Alabama. April 5, 1917. Rehearing Denied June 30, 1917.)

HOMESTEAD ⬥141(2)—WIDOW'S EXEMPTION— NONRESIDENCE AND SEPARATION—EFFECT.

In view of Code 1907, § 4197, providing that in no case, and under no circumstances, shall the widow and minor children, or either of them, be deprived of a homestead or $2,000 in lieu thereof, if they or either of them apply therefor as herein provided before final distribution of decedent's estate, where the widow for ten years had lived apart from the husband and outside the state without fault on her part, she was nevertheless entitled to homestead and personal exemption when she returned to the state after the husband's death.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. § 264.]

Appeal from Probate Court, Jefferson County; J. P. Stiles, Judge.

Application by Mattie Curry for homestead and personal exemptions. Opposed by Cordelia Barnes. From a decree sustaining exceptions to the exemptions, the applicant appeals. Reversed and remanded.

Jere C. King, of Birmingham, for appellant. Haley & Haley, of Birmingham, for appellee.

THOMAS, J. The appeal is taken from the decree of the probate court sustaining exceptions to the setting aside of a homestead and personal exemptions to the widow of decedent. Thus there is presented for decision the question of a widow's right to exemptions, as provided by chapter 86, arts. 3 and 4, § 4196 et seq., of the Code, where she had not lived with her husband for many years prior to his death, and was not a citizen of this state at that time.

The evidence in this case shows that the wife left the husband, without fault on her part, more then ten years before his death, and did not return to this state to live until after his death, and before she made her application to have the statutory exemptions set apart to her as such widow. The exceptions to the allowance of the widow's exemptions were sustained by the judge of probate under the construction of the statutes found in Ex parte Pearson, 76 Ala. 521. This is the leading authority in this state holding that a nonresident widow is not entitled to such exemptions, where the husband died a resident of this state, and owning and occupying a homestead in Alabama.

The statute construed in Ex parte Pearson, supra, was the act of February 9, 1877, which provided "that when the owner and occupant of the homestead dies, leaving a family consisting of a widow or child, or children, or both, then the homestead of the family" shall be exempt to them on the terms indicated. Gen. Acts 1876-77, p. 32. This provision of the act found expression in the Code of 1876 as sections 2821 and 2824, according to which, "when the owner and occupant of the homestead dies, leaving a family consisting of a widow or child, or children, or both, then the homestead of the family * * * shall be exempt," etc.; and "any person dying leaving a widow, or child, or children, under the age of twenty-one years, members of his family, in addition to the exemption heretofore made," etc. (under this chapter), "there shall be exempt," etc. The Pearson Case was adverted to in Griffin

et al. v. Griffin, 185 Ala. 198, 64 South. 350, where it was said:

"In the absence of any evidence to the contrary, it is a prima facie presumption of law that the residence of the husband is the residence also of the wife, and the burden of showing the contrary is, as a matter of pleading as well as of proof, cast upon the party who would deny such residence."

The Griffin Case, however, did not take notice of the subsequent changes made in such exemption statutes, and found in the Code of 1907. It did distinctly reserve decision of the question of a nonresident widow's right to homestead and other exemptions out of the properties of her resident husband with whom she did not live at the time of his death, but from whom she had not been divorced.

Significant changes in these statutes are found in the Code of 1886, where their provisions appear as section 2543, with the omission of the words "leaving a family" (occurring in section 2821 of the Code of 1876); and as section 2545, omitting the words "members of his family," embraced in section 2824 of the Code of 1876. Such has been the language of the statutes in the Code of 1896 (sections 2069, 2072), and in the Code of 1907 (sections 4196, 4199).

In providing for exemptions in lieu of the homestead, the Code of 1907 (section 4197) makes a radical departure from the provisions of the Code of 1896 embodied in section 2070; the new form of the statute being to the effect that:

"In no case, and under no circumstances, shall the widow and minor children, or either of them, be deprived of a homestead or two thousand dollars in lieu thereof, if they or either of them apply therefor * * * as herein provided before final distribution of decedent's estate." Gen. Acts 1903, p. 150.

Such is the history or growth of the exemption right secured to the widow and minor child or children of the resident decedent of this state.

Appellant contends that under the provisions of these statutes no limitations are attached to the right of the widow or the minor children to claim homestead and exemptions on timely application, as provided by the statute. In Nolen v. Doss, 133 Ala. 259, 31 South. 969, this court declared that on final settlement of the administration of a decedent's estate, the widow is entitled to take the personal property of the estate (there being no children of decedent), and this, notwithstanding she lived apart from her husband at the time of his death, and cohabited with another whom she held out to be her husband; that so long as the marriage rights in law continued, just so long the right of the wife, and of the widow, existed under the statute.

Section 1462 of the Code of 1896, thus construed in Nolen's Case, is brought without change into the Code of 1907 as section 3763. By analogy, the rights of the widow, thus

200 ALA.—17

declared under the statute for distribution of personal estate of the decedent, may be classified with the rights involved in the question before us. So also in Coker v. Coker, 160 Ala. 269, 49 South. 684, 135 Am. St. Rep. 99, the rights of the surviving wife to homestead exemption in the husband's lands, on her application for allotment in lieu of homestead (as provided in section 4197 of the Code of 1907), were declared to be unaffected by the fact that the husband and the wife had been living apart for several years before the death of the husband, but there had been "no dissolution of the marital relation." These two cases were cited with approval in Chamboredon v. Fayet, 176 Ala. 211, 57 South. 845, and in Johns v. Cannon, as Adm'x, 199 Ala. 138, 74 South. 42. In Chamboredon's Case the court said:

"The decree of divorce barred the wife of her dower, and of any distributive share in the personal estate of her husband (Code, § 3816); but no rights of the child were concluded by that decree, nor do the statutes of the state express a policy which would cut off her homestead right. But for the decree of divorce the wife would have been entitled to homestead, notwithstanding she had lived apart from her husband for years prior to his death. * * * The language of the statute providing for homestead and other exemptions for minor children covers the case of this child, and it is not within the province of the court to ingraft upon it * * * exceptions. Walker v. Walker, 181 Ill. 260, 54 N. E. 956; Hall v. Fields, 81 Tex. 553, 17 S. W. 82."

The minor child thus held to be entitled to homestead and other exemption rights in the properties of the deceased father, had never been a member of his family, having been born after the separation of the parents but before the divorce, and having resided with her mother.

In Johns v. Cannon, as Adm'x, supra, the question decided in favor of the widow was that, being otherwise entitled to homestead rights in the lands of her deceased husband, she did not forfeit such rights by intermarrying with a nonresident and removing with him from the state pending proceedings to have her homestead rights allotted to her but afterwards, and before the consummation of such proceedings, returning with her husband to reside in the state. After discussing the statutes applicable to such a case, Mr. Justice Mayfield said:

"The statutes do not now require that the widow and minors, one or all, shall be residents, even in order that the right shall vest; nor do they provide that it shall cease upon their becoming nonresidents. The homestead is not exempt to them on condition that they reside therein, or so long as they shall remain on it or remain residents of the state; but is in terms by the statute exempt to them * * * during the life of the widow, or the minority of the children; and in some instances the absolute fee-simple title is vested in them."

The right to exemptions is conferred on the widow and her minor children in article 3, chapter 83, and by sections 4224 and 4227 of the Code; and section 4205 et seq. of article 4, relating to the setting apart of such

exemptions, must apply to the exemptions so provided by statute.

It follows, therefore, that the residence of the decedent in this state at the time of his death is the prime statutory prerequisite to confer or vest the right of homestead in the widow and the minor child or children of the decedent. The distinction between proceedings under section 4205 of the Code, and those under sections 4224 and 4227, has been pointed out in Thompson v. Thompson, 91 Ala. 591, 596, 8 South. 419, 11 L. R. A. 443, and Headen v. Headen, 171 Ala. 521, 54 South. 646.

The decree of the probate court is reversed, and the cause is remanded for further proceedings therein to a proper decree under the statute and in accordance herewith.

Reversed and remanded. All the Justices concur.