(100 South. 878)

## LUCKY v. ROBERTS. (8 Div. 626.)

(Supreme Court of Alabama. June 12, 1924. Rehearing Denied June 30, 1924.)

1. Appeal and error ⬤⟳655(2)—Failure to set out consecutively interrogatories and answer held not to render bill subject to motions to strike.

In a probate proceeding to have lands set apart to a widow as a homestead, failure of bill of exceptions to set out consecutively interrogatories propounded under the statute and answers thereto, did not obscure the facts and did not render bill subject to a motion to strike.

2. Homestead ⬤⟳141(1), 142(1)—Residence in state of a decedent husband at time of death necessary to give homestead to widow and minor children.

A residence in this state of deceased husband at the time of his death is necessary to give a right of homestead to his widow and minor children.

3. Domicile ⬤⟳1—Person's "domicile" is place where habitation is fixed.

A person's "domicile" is a place in which his habitation is fixed without any present intention of removing, and includes the fact of residence and the intention to remain.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Domicile.]

---

**4. Domicile ⬠⟹4(1)—Person has only one domicile for purpose of succession.**

For the purpose of succession a person can have but one domicile, and when once acquired it is presumed to continue until a new one is gained. and what state of facts constitute a change of domicile is a mixed question of law and fact.

**5. Homestead ⬠⟹141(1), 142(1)—Husband is "nonresident" on ceasing to dwell within state for uncertain period, without definite intention of returning.**

As to giving his wife and minor children a homestead in his land, a husband is a "nonresident" when he ceases to dwell within the state for an uncertain period without a definite intention of returning, although he has a general intention to return at some future time; it being his intention that controls, not the absence of the wife from state.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Nonresidence—Nonresident.]

**6. Homestead ⬠⟹141(1)—Failure to require petitioner for homestead to answer interrogatories as to residence and purpose to sell lands, not error.**

Proceeding by the widow to have lands of her deceased husband set apart as a homestead, failure to require her to answer interrogatories relating to the residence of petitioner and to her purpose to sell the lands if set apart, was not error, her residence not being a condition precedent to homestead.

**7. Homestead ⬠⟹141(1) — Interrogatories as to residence of deceased owner of lands held pertinent.**

In proceeding by' widow of deceased landowner to have lands set apart as a homestead, answers to interrogatories as to the residence of deceased at his death, that he left state where his lands were located on a certain date and remained in another state, where he resided at death, were pertinent as to husband's domicile, and his intention to remain.

**8. Homestead ⬠⟹150(1) — In establishing domicile of deceased as affecting widow's right to homestead, burden was on contestant.**

In a proceeding by a widow of a landowner to have a homestead set apart, where the residence of deceased was established in the state in which the lands lay until he left to live in another state, contestant had the duty of going forward with evidence to support her exceptions to the report setting aside the homestead.

**9. Homestead ⬠⟹150(1)—Evidence as to domicile held insufficient to sustain contestant's burden of proof.**

In a proceeding by the widow of a deceased landowner to have the homestead set apart, where his domicile in the state was established until .he and his wife left to live in another state, evidence offered by the contestant *held* not sufficient to sustain the burden of proof.

Appeal from Probate Court, Morgan County; L. P. Troup, Judge.

Petition of Juria Roberts to have lands set apart to her as a homestead, and contest by Lucy Lucky. From a decree for petitioner contestant appeals. Affirmed.

Juria Roberts filed her petition with the judge of probate of Morgan county, alleging that she is the widow of Henry Roberts, deceased, who, at the time of his death, was a resident citizen of Morgan county, Ala., and owned in said county the lands described, alleged to be of less value than $2,-000, and no other property, and that decedent left no children or their descendants.

It is prayed that commissioners be appointed to appraise the lands described. that it be finally adjudged that said lands were exempt at the time of decedent's death, and that same be set apart to and vested in 'petitioner.

Commissioners were appointed as prayed, and reported to the court that decedent owned no personal property and only ·the real estate described; that said real estate was of value not exceeding $2,000, nor of area in excess of 160 acres; and that same had been set apart as exempt to petitioner.

Lucy Lucky filed contest of this report alleging that she is a full sister of decedent, and excepting to the report upon the ground that it set apart a homestead to petitioner when she was not a bona fide resident of the state, and when decedent, the husband, was not a resident of the state.

Interrogatories propounded by contestant (plaintiff) to petitioner (defendant), numbered 4 to 15, inclusive, relate to the residence of petitioners and to her purpose (vel non) to sell the lands if set apart to. her.

After hearing the trial judge rendered decree holding that contestant had not discharged the burden of proof resting upon her, to establish the nonresidence of decedent, and confirmed the report of the commissioners. From this decree contestant appeals.

W. H. Long, of Decatur, for appellant.

Conflicting declarations by decedent while living as to his · domicile are entitled to little weight. Merrill's Heirs v. Morrissett, 76 Ala. 433. It is essential to the vesting of homestead rights in the wife that the husband be a resident of this state at the time of his death. Ex parte Pearson, 76 Ala. 523; Johns v. Cannon, 199 Ala. 144, 74 South. 42; Curry v. Barnes, 200' Ala. 258, 76 South. 22; Anderson Law Dict. 892; Weitkamp v. Loehr, 53 N. Y. Super. Ct. 83.

W. W. Callahan, of Decatur, for appellee.

It is not necessary that decedent be residing on the land at the time of his death; and residence of the petitioner at the time and the future use of the homestead are unimportant. Headen v. Headen, 171 Ala. 521, 54 South. 646; Curry v. Barnes, 200

⬠⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ala. 256, 76 South. 22; Johns v. Cannon, 199 Ala. 140, 74 South. 42; Baccus v. Eads, 209 Ala. 578, 96 South. 757; Strong v. Ford, 203 Ala. 110, 82 South. 124. A domicile once acquired continues until a new one is established. Caldwell v. Pollak, 91 Ala. 353, 8 South. 546; Allgood v. Williams, 92 Ala. 551, 8 South. 722; Merrill's Heirs v. Morrissett, 76 Ala. 433.

THOMAS, J. [1] The submission was on motion and on merits. The motion to strike the bill of exceptions is based on the failure to set out consecutively the interrogatories propounded under the statute and the answers thereto. It is averred that questions of fact are thus obscured. However, the real issues are apparent. The motion is overruled.

[2] The residence in this state of a decedent husband, at the time of his death, is the statutory prerequisite to give the right of homestead to the widow and the minor child or children of such decedent. Talmadge's Adm'r v. Talmadge, 66 Ala. 199; Curry v. Barnes, 200 Ala. 256, 76 South. 22; Johns v. Cannon, 199 Ala. 144, 74 South. 42.

[3, 4] It is established in this jurisdiction that a person's domicile is that place in which his habitation is fixed, without any present intention of removing (Merrill's Heirs v. Morrissett, 76 Ala. 433), and it embraces (1) the fact of residence (Curry v. Barnes, supra) and (2) the intention to remain (Young v. Pollak, 85 Ala. 439, 5 South. 279; State v. Hallett, 8 Ala. 159; Glover v. Glover, 18 Ala. 367. It has been further declared that for the purpose of succession (a) a person can have but one domicile (Merrill's Heirs v. Morrissett, supra; Allgood v. Williams, 92 Ala. 551, 8 South. 722; Johns v. Cannon, supra; Curry v. Barnes, supra), and (b) when once acquired is presumed to continue until a new one is gained facto et animo (Glover v. Glover, supra; State v. Hallett, supra; Bragg v. State, 69 Ala. 204), and (c) what state of facts constitute a change of domicile is a mixed question of law and fact (Murphy v. Hunt, Miller & Co., 75 Ala. 438).

In Ex parte Pearson, 76 Ala. 523, 524, 525, 526, it is declared:

"While it has been uniformly held that the statutes allowing exemptions, being founded on the humane and benignant policy of the protection of the family from dependence and want, should be liberally construed, liberality of construction should not be extended so as to include cases without the spirit of the statute, and in contravention of the domestic policy of the state. * * * To entitle the widow or children to the exemption provided by this section, it is essential that the decedent shall be a resident of the state, and that the wife and children shall be members of his family at the time of his death. * * * It may be said generally, that to constitute a family, there must exist the relation of husband and wife, or of parent and child, or descendants of child; a condition of dependence on one or the other of these relations. It is not necessary that all shall actually live under the same roof, or within the same curtilage. Some may be temporarily absent, for the purposes of education, or of business, or pleasure, or from pressing necessity; but the residence of the husband and father must be the central place, which all regard, and to which there is the intention of returning, as the home—the center of common interests, of marital and parental dependence and domestic happiness. * * * In case of realty, 'the homestead of the family' is in terms exempt; which implies actual occupancy and residence, except in case of a renting as provided by statute. The privilege of exemptions of personal property is allowed to the same class of persons—members of the family. It evidently was not the intention to confer a homestead exemption on persons only residing in the state, and at the same time to confer an exemption of personal property, whether the beneficiaries resided in or out of the state. * * * They [the statutes] contemplate the collection of husband and wife, or of parent and children or descendants of children, under such circumstances that the condition of dependence on one of the relations, which is the essential characteristics of a family, exists in this state. In the case of a permanent separation, the wife and children continuing to reside in the state of the former residence, and the husband and father coming to and residing alone in this state, the condition of dependence, which entitles the widow and children to the exemptions in event of his death, does not exist."

Thus are the conditions of residence, relation, and dependence well stated, and given application by our court. Merrill's Heirs v. Morrissett, 76 Ala. 433; Chamboredon v. Fayet, 176 Ala. 211, 57 South. 845; Griffin v. Griffin, 185 Ala. 198, 64 South. 350.

The case of Johns v. Cannon, supra, contains the following:

"The residence of the deceased on the land and in the state, at the time of his death, is all that the statutes require, to the vesting of the homestead in the widow and minors during the life of the widow and the minority of the child or children, 'whichever may last terminate.' "

In Curry v. Barnes, 200 Ala. 256, 258, 76 South. 22, 24, the declaration is made:

"It follows, therefore, that the residence of the decedent in this state at the time of his death is the prime statutory prerequisite to confer or vest the right of homestead in the widow and the minor child or children of the decedent."

[5] It may be said that a husband is a nonresident when he actually ceases to dwell within the state for an uncertain period, without the definite intention (as to any time) of returning, even though there may exist a "general intention to return at some time in the future." Weitkamp v. Loehr, 53 N. Y. Super. Ct. 79, 83.

It is the intention of the husband entering into the facts of statutory requirement

of residence that controls, not the absence of the wife from the state. Carey v. Hart, 208 Ala. 316, 94 South. 298; Curry v. Barnes, 200 Ala. 256, 76 South. 22.

[6, 7] There was no error in failure to require defendant to answer interrogatories Nos. 4 to 15, inclusive. They called for immaterial answers. Collins v. M. & O. R. Co., 210 Ala. 234, 97 South. 631. The residence of the wife is not a condition precedent to homestead. Curry v. Barnes, supra; Carey v. Hart, supra. Interrogatories answered were pertinent as to the domicile of the husband and his intention to remain, and were to the effect that the husband resided at the time of his death on February 8, 1918, in Chicago, Ill., and that he left Alabama May 9, 1917, for Illinois, and remained there from the time of such arrival.

The other objections and exceptions to evidence and rulings on motions to exclude are without merit.

[8, 9] The residence of Henry Roberts for years has been established to have been Decatur, Ala., where he owned a home and resided, until he and wife went together to Chicago on the date we have indicated. This placed upon Lucy Lucky the duty of going forward with the evidence to support her exceptions to the report setting aside the homestead. There is great conflict in the evidence as to the declarations made by decedent of his intention to return to Alabama. If the same weight and credence be given to the respective witnesses, the fact remains that he left personal effects in Alabama to the time of his death, and did not sell his home or attempt to dispose of it; that on departing he did not immediately sever his church or lodge affiliations, and made positive declarations to his physician, attending him in his last illness, that Alabama was his domicile. It cannot be said that the burden of proof has been met by contestant.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.