**TAYLOR v. GALLAHA. (8 Div. 655.)**

(Supreme Court of Alabama. March 19, 1925.)

**1. Homestead ⚷—181(2)—Testimony explaining claimant's temporary absence admissible.**

In claim of homestead exemption, testimony of claimant, explaining why he went elsewhere temporarily to work and explaining temporary nature of caretaker in house levied on, was properly admitted.

**2. Homestead ⚷—181(2)—Testimony tending to show claimant's intention of abandonment vel non of homestead admissible.**

In claim of homestead exemption from levy, claimant's testimony tending to explain his temporary absence, and illustrating his acts as to his intention of abandonment vel non of his homestead, were admissible.

**3. Homestead ⚷—181(2)—Testimony of claimant as to owning any other home, and claiming present one at all times, admissible on question of abandonment.**

In claim for homestead exemption from levy, testimony as to whether claimant owned any other home during the 18 years, and as to whether he had at all times claimed it as his home, was admissible as affording an inference as to abandonment of homestead.

**4. Homestead ⚷—168—Leasing of portion of house does not destroy right of homestead.**

A contract for letting a part of a house for an indefinite term did not destroy right of homestead and was consistent with claimant's intent to retain same as a homestead.

**5. Homestead ⚷—181(2)—Refusal to move to new home admissible as tending to illustrate intent to retain homestead.**

In claim for homestead exemption from levy, refusal of wife to go to home offered by daughter, together with fact that part of furniture was left in their home when other part of house was temporarily occupied by a caretaker, was admissible as tending to show intent of claimant and wife as to home in question.

**6. Homestead ⚷—181(2)—Testimony tending to show temporary nature of tenancy of homestead by another admissible.**

In claim for homestead exemption from levy, testimony tending to show that tenancy of caretaker in alleged homestead was temporary in nature was admissible.

**7. Appeal and error ⚷—1012(1)—Finding of court, sitting without jury, and taking testimony ore tenus in open court, not disturbed unless contrary to weight of evidence.**

In claim for homestead exemption from levy, tried by court without a jury, where testimony was ore tenus in open court, finding of court that property was homestead and exempt from sale under execution will not be disturbed unless contrary to weight of evidence.

Appeal from Circuit Court, Colbert County; Charles P. Almon, Judge.

Under a judgment had by E. H. Taylor against W. M. Gallaha, execution was levied, defendant filed his claim of homestead exemption to the property levied upon, and plaintiff filed his contest of the claim. On hearing of the contest there was judgment for defendant, and plaintiff appeals. Affirmed.

William L. Chenault, of Russellville, for appellant.

Removal forfeits exemptions; actual occupancy is essential to retention. Lehman, Durr & Co. v. Bryan, 67 Ala. 558; Hodges v. Hodges, 201 Ala. 215, 77 So. 741. Renting of the lands constitutes an abandonment of the homestead, unless followed by a declaration of claim. Cardwell v. Va. St. Ins. Co., 198 Ala. 211, 73 So. 466; Fuller v. Amer. Supply Co., 185 Ala. 512, 64 So. 549; Porter v. Harrison, 124 Ala. 302, 27 So. 296; Miles v. Miles, 211 Ala. 26, 99 So. 187.

Andrews, Peach & Almon, of Sheffield, for appellee.

Temporary absence, with the intention to return, does not forfeit the right of homestead exemption. Boyle v. Shulman, 59 Ala. 566; Fuller v. Whitlock, 99 Ala. 411, 13 So. 80.

THOMAS, J. The contest of exemptions was tried by the court without a jury. The testimony was ore tenus, in open court. The finding was that the property is the homestead of the defendant and exempt from sale under the execution.

[1] There was no error in overruling objection to the question, "Mr. Gallaha, were there times when you could not get work in Sheffield?" and other questions to like import. These questions, and the answers thereto, explained why he went elsewhere temporarily to work—explained the temporary nature of a caretaker's residence in the house levied upon.

[2-4] There was no error in explaining the claimant's relations to Mrs. Myers, his caring for her cows, and showing the refusal of her offer of another home. These questions and answers tended to explain his temporary absence from the old home and his keeping the little house of Mrs. Myers "to look after her stock until" she could "get a place to put them." These and like questions, to which objections were urged, illustrated contestant's acts as to his intention or abandonment vel non of his homestead. Lucky v. Roberts, 211 Ala. 578, 100 So. 878. So, also, there was no error in asking the claimant, "Have you owned any other home during the 18 years since you bought this little place?" and, "Have you at all times claimed this as your home?" where his furniture was kept, etc. These questions called for the

facts on which to afford an inference as to abandonment vel non of the homestead. Lucky v. Roberts, supra. The contract for letting a part of the house for an indefinite term did not destroy the right of homestead, and was consistent with his intent to retain the same as a homestead. Miles v. Miles, 211 Ala. 26, 99 So. 187; Fuller v. American Supply Co., 185 Ala. 512, 517, 64 So. 549.

[5] The refusal of the mother to go to a new home that was offered by the daughter tended to illustrate the intent of the husband and wife as to the home in question, when considered with the fact that they left a part of their (or her) furniture in two rooms of their home when the other part of the house was temporarily occupied by a caretaker or tenant at will.

[6] There was no error in the examination of the witness Dudley tending to show the terms of the tenancy temporary in nature. The arrangement or contract of Dudley with contestant was given under the rule declared and necessities of temporary withdrawals from the homestead in Fuller v. American Supply Co., 185 Ala. 512, 64 So. 549, and Lucky v. Roberts, 211 Ala. 578, 100 So. 878. The questions propounded to Mrs. Myers, and her answers thereto, when considered as a whole, do not present reversible error. They explained the temporary absences of the father and mother from the "old home."

[7] We are of opinion that there was no reversible error committed on the trial of the contest of the homestead exemption. The finding of fact was within the rule of Hackett v. Cash, 196 Ala. 403, 72 So. 52.

The judgment of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.