(117 So. 197)

TRAPP et al. v. FIRST NAT. BANK OF RUSSELLVILLE. (8 Div. 906.)

Supreme Court of Alabama. May 24, 1928.

1. **Fraudulent conveyances** ⊱271(½)—Burden was on defendants to show bona fides of transaction.

In suit to set aside deeds of father to daughter on ground of fraud as to creditors, burden of proof rested on defendants to show the bona fides of the transaction.

2. **Fraudulent conveyances** ⊱107—That conveyance was between father and daughter called for closer scrutiny as to bona fides than if strangers were involved.

In action to set aside land conveyances as fraud on grantor's creditors, the fact that the

grantor and grantee were near relatives, being father and daughter, respectively, *held* to call for a closer scrutiny of the transaction than if strangers were involved.

3. **Homestead** ⊚⟶168—**Leasing of homestead for definite time and living elsewhere held "abandonment" of homestead right, though lessor farmed small part during such time (Code 1923, §§ 7914, 8807).**

Landowner's leasing his homestead for a definite time and his living away from the homestead at the home of his son for a period of two years *held*, in absence of filing declaration of claim of homestead, exemption as provided by section 7914, an abandonment of the homestead right, though lessor cultivated a small portion of the land during such period, where lease was such as, under Code 1923, § 8807, created the relationship of landlord and tenant.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abandon—Abandonment.]

4. **Fraudulent conveyances** ⊚⟶300(4)—**Bona fides of father's conveyance to daughter held not established under claim of transfer to daughter because of use of daughter's funds, in absence of clear evidence of daughter's ability to accumulate funds.**

Bona fides of father's conveyance to daughter *held* not established under claim of transfer to daughter because of use of the daughter's funds by the father, in absence of clear evidence of daughter's ability to accumulate such funds.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Bill by the First National Bank of Russellville against William Trapp, Meney L. Trapp, and others, to set aside conveyances in fraud of creditors. From a decree for complainant, the named defendants appeal. Affirmed.

Williams & Chenault, of Russellville, for appellants.

A portion of the land being the homestead, and not abandoned, Trapp had a right to deed it to his daughter. Brock Candy Co. v. Elson, 211 Ala. 244, 100 So. 94; Taylor v. Gallaha, 212 Ala. 474, 103 So. 457; Fuller v. Amer. Supp. Co., 185 Ala. 512, 64 So. 549. The burden was upon complainant to prove the existence of a fraudulent intent to make the conveyance, known to and participated in by the grantee. Sims v. Dixie Land Co., 209 Ala. 679, 96 So. 885. Conveyance by Trapp to his daughter in payment of a bona fide debt was not fraudulent. London v. Anderson Brass Wks., 197 Ala. 16, 72 So. 359; Wertheimer v. Freiberg, 176 Ala. 165, 57 So. 708; J. Loeb Gro. Co. v. I. Brickman & Co., 173 Ala. 316, 56 So. 119.

J. Foy Guin, of Russellville, for appellee.

On a bill to set aside a fraudulent conveyance averring the same to be voluntary, the burden is on the grantee to allege and prove a valuable consideration. The appellant did not meet this burden. Davis v. Harris, 211 Ala. 679, 101 So. 458; Smith v. McAdams & Co., 207 Ala. 118, 92 So. 411; Noble v. Gilliam, 136 Ala. 618, 33 So. 861; Wood v. Riley, 121 Ala. 100, 25 So. 723; Gamble v. Aultman, 125 Ala. 372, 28 So. 30; Freeman v. Stewart, 119 Ala. 158, 24 So. 31; Watts v. Burgess, 131 Ala. 333, 30 So. 868; Robinson v. Moseley, 93 Ala. 70, 9 So. 372; Moog v. Barrow, 101 Ala. 209, 13 So. 665; Killian v. Cox, 132 Ala. 662, 32 So. 738. In absence of clear and convincing evidence of an adequate consideration, the right of the creditor should prevail. Watters-Tonge L. Co. v. Knox, 206 Ala. 183, 89 So. 497; Murphy v. Pipkin, 191 Ala. 111, 67 So. 675; Calvert v. Calvert, 180 Ala. 105, 60 So. 261; Harrell v. Mitchell, 61 Ala. 270; Hubbard v. Allen, 59 Ala. 283. The fact that property is conveyed to a near relative in consideration of an antecedent debt, by one otherwise indebted, raises the presumption of mala fides. Gamble v. Aultman, supra; Calhoun v. Hannan, 87 Ala. 277, 6 So. 291. If the owner leases the property and moves away without having filed the statutory declaration, the property loses its homestead character. Code 1923, § 2539; Fuller v. Amer. Supp. Co., 185 Ala. 512, 64 So. 549; Cowan v. Staggs, 178 Ala. 144, 59 So. 153; Land v. Boykin, 122 Ala. 627, 25 So. 172; Smith Lbr. Co. v. Garry, 202 Ala. 473, 80 So. 857; Miles v. Miles, 211 Ala. 26, 99 So. 187.

GARDNER, J. The bill in this cause was filed by the First National Bank of Russellville as judgment creditor of William Trapp, to set aside two deeds to separate tracts of land executed by said William Trapp to his daughter, Meney Trapp, on January 7, 1925. One of the tracts of land contained 52 acres, and is referred to as the homestead land; the other consisted of 60 acres. At the time of the execution of these two deeds there was pending the suit by complainant against William Trapp, which resulted in the judgment, a certificate of which was filed for record February 21, 1925.

[1, 2] These conveyances are attacked upon the ground they were executed without consideration and for the purpose of delaying and defrauding creditors. The burden of proof rested upon the defendants "to show the bona fides of the transactions, * * * and the circumstance that they were had between near relatives calls for a closer scrutiny than where strangers are engaged." Cowan v. Staggs, 178 Ala. 144, 59 So. 153; Watters-Tonga Lumber Co. v. Knox, 206 Ala. 183, 89 So. 497.

As to the 52-acre tract, defendants insist it constituted the homestead of William Trapp, in value less than $2,000, and therefore exempt to him, and no injury resulted to any

creditor by its conveyance. At the time of the conveyance said William Trapp was not residing upon the land, but with his daughter, Meney, was living with his son-in-law, Harris, on lands near by. This tract had constituted the homestead and had been occupied by said Trapp and his daughter, who constituted his household, but in the early part of 1924 they moved to the Harris home, moving some of his household effects, and leaving some in the house on the place. Here they remained two years. Defendants state the move was on account of the condition of the daughter's health, and the necessity that her father be absent a good portion of the time. During this time, however, Trapp rented the house and the land to one Stokes, who cultivated the land on shares, under circumstances to create the relation of landlord and tenant. Section 8807, Code of 1923. And, indeed, the witnesses state that Stokes "rented" the place. Trapp's stock that was left on the place was used by Stokes in his farming. It appears that Trapp cultivated a small portion of the land himself, and used his horse, which Harris testifies he kept in his (Harris') barn.

It is not pretended there was filed any declaration of claim of homestead exemption, as provided by section 7914, Code of 1923. "Actual occupancy as a home except where declaration is filed under the statute, is essential to the validity of a claim of exemptions." Cowan v. Staggs, supra. Speaking of the statute as it now exists, this court in Smith Lumber Co. v. Garry, 202 Ala. 473, 80 So. 857, said:

"The effect of this change is to render any leasing which transfers the exclusive possession to the lessee for any definite term an abandonment of the homestead right, unless it is saved by the statutory declaration and claim required, and to preserve the homestead right, if so claimed, regardless of the length of the term of the lease."

It was also there held that it was a matter of no consequence that some of the claimant's property remained on the premises. See, also, Miles v. Miles, 211 Ala. 26, 99 So. 187; Fuller v. Amer. Supply Co., 185 Ala. 512, 64 So. 549; Land v. Boykin, 122 Ala. 627, 25 So. 172; Bland v. Putman, 132 Ala. 615, 32 So. 616; Cowan v. Staggs, 178 Ala. 144, 59 So. 153.

[3] Under what arrangement Trapp cultivated a small portion of the land at the time Stokes had the place rented and occupied is not made to appear. Very clearly, the mere fact, without more, that he did so, can have no influence upon the result here. There was here no mere temporary absence from home, but a rental of the place, including, of course, the house, an exclusive possession for a definite time; and we are of the opinion the case comes within the influence of Smith v. Garry, supra, and other authorities.

Appellants lay much stress upon Taylor v. Gallaha, 212 Ala. 474, 103 So. 457, but it appears from the body of the opinion that this was only a temporary absence from the home with a caretaker left in charge of the premises. The case is readily distinguishable from that here presented.

The court correctly ruled that the homestead exemption had been lost to the debtor.

[4] As to the 60 acres the defendants insist this tract was sold by William Trapp to his daughter, the consideration being a pre-existing debt alleged to have been due by the father to the daughter. The father claims to have been indebted by reason of the use of funds of the daughter; but the record does not contain "clear evidence of ability" on her part to accumulate the fund (Watters-Tonga Lumber Co. v. Knox, supra), and there appears contradictory, vague, and indefinite statements in the testimony of the father and daughter, the only material witnesses upon this issue.

The evidence is not voluminous, and has been read and considered with much care. Since the passage of the Act of 1915 (Acts 1915, p. 594), it has been the policy of this court not to enter into a detailed discussion of the evidence (Caples v. Young, 206 Ala. 282, 89 So. 460), nor would it here serve any useful purpose. Suffice it to say that upon due consideration we find ourselves in accord with the conclusion of the chancellor, that defendants' testimony upon this point will not stand the close scrutiny of a court of equity, and that they have failed to sustain the burden resting upon them to establish the bona fides and fairness of the transaction here involved.

It results the decree will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.