172 So. 618

## CAHEEN v. CAHEEN.

### 6 Div. 27.

Supreme Court of Alabama.

Jan. 7, 1937.

Rehearing Denied March 4, 1937.

Coleman, Spain, Stewart & Davies and Carl G. Moebes, all of Birmingham, for appellant.

Clark Williams, of Birmingham, for appellee.

THOMAS, Justice.

This bill is for divorce and alimony, temporary and permanent.

The bill alleged that complainant "is a bona fide resident citizen of Jefferson County * * * and has been for more-than three years next preceding the filing of this bill of complaint," and that respondent, Julien Sidney Caheen, "is a non-resident of the State of Alabama" and "a resident of the State of Massachusetts."

Respondent Caheen appeared specially and pleaded to the jurisdiction of the court, saying:

"Respondent avers that at the time the bill of complaint in this cause was filed herein complainant was not a bona fide resident of Jefferson County, Alabama, and had not been a bona fide resident of Jefferson County, Alabama, for one year next preceding the filing of such bill of complaint; that at the time the bill of complaint in this cause was filed * * * complainant resided in the City of Washington, District of Columbia, and had resided there for more than five months next

preceding the filing of the bill of complaint in this cause. * * *

"Respondent further avers that, as appears from the averments of the bill of complaint, respondent is a non-resident of the State of Alabama."

The trial court sustained the plea on the evidence and dismissed the bill; hence this appeal. Errors assigned challenge the correctness of the decree of the trial court sustaining the plea and dismissing the bill.

It is established that the husband has the right to select a domicile for himself and family, if he reasonably exercises that right. Jones v. Jones (Ala.Sup.) 173 So. 49;[1] Henderson v. Henderson, 228 Ala. 438, 153 So. 646. And it follows, as an established fact, that when the husband breaks up the home the wife may then acquire a residence for purposes now to be considered.

The required residence pertaining to a divorce is indicated in the statute, sections 7415, 7416, Code. If the defendant is a nonresident the bill for divorce must be filed in the circuit court of the county in which the other party to the marriage resides. Wakefield v. Wakefield, 217 Ala. 517, 116 So. 685; Wilkerson v. Wilkerson, 230 Ala. 567, 161 So. 820; Wright v. Wright, 200 Ala. 489, 76 So. 431; Pucket et al. v. Pucket. 174 Ala. 315, 56 So. 585.

The decisions are to the effect that "residence" as used in such statutes is the equivalent of domicile; residence means legal residence or domicile for such purposes. Allgood v. Williams, 92 Ala. 551, 8 So. 722; Metcalf v. Lowther's Executrix, 56 Ala. 312. It is therefore a mixed question of law and fact, depending upon the bona fide intention of the party. In Holmes v. Holmes, 212 Ala. 597, 599, 103 So. 884, 886, it was declared: "A domicile once acquired is presumed to continue until a change, facto et animo, is shown. Bragg v. State, 69 Ala. 204. If there was a change, there must have been both an abandonment of his [decedent's] former domicile with no present intention to return, and the establishment of another place of residence with intention to remain permanently, or, at least, for an unlimited time; the former may be inferred from the latter. Allgood v. Williams, 92 Ala. 551, 8 So. 722; Caldwell v. Pollak, 91 Ala.

353, 8 So. 546; Young v. Pollak, 85 Ala. 439, 5 So. 279; Merrill's Heirs v. Morrissett [76 Ala. 433]."

In the opinion in Lucky v. Roberts, 211 Ala. 578, 580, 100 So. 878, 879, it was said:

"It is established in this jurisdiction that a person's domicile is that place in which his habitation is fixed, without any present intention of removing (Merrill's Heirs v. Morrissett, 76 Ala. 433), and it embraces (1) the fact of residence (Curry v. Barnes [200 Ala. 256, 76 So. 22]) and (2) the intention to remain. Young v. Pollak, 85 Ala. 439, 5 So. 279; State v. Hallett, 8 Ala. 159; Glover v. Glover, 18 Ala. 367. It has been further declared that for the purpose of succession (a) a person can have but one domicile (Merrill's Heirs v. Morrissett, supra; Allgood v. Williams, 92 Ala. 551, 8 So. 722; Johns v. Cannon [199 Ala. [138] 144, 74 So. 42]; Curry v. Barnes, supra), and (b) when once acquired is presumed to continue until a new one is gained facto et animo (Glover v. Glover, supra; State v. Hallett, supra; Bragg v. State, 69 Ala. 204), and (c) what state of facts constitute a change of domicile is a mixed question of law and fact (Murphy v. Hunt, Miller & Co., 75 Ala. 438).

"In Ex parte Pearson, 76 Ala. [521] 523, 524, 525, 526, it is declared:

"'While it has been uniformly held that the statutes allowing exemptions, being founded on the humane and benignant policy of the protection of the family from dependence and want, should be liberally construed, liberality of construction should not be extended so as to include cases without the spirit of the statute, and in contravention of the domestic policy of the state. * * * It may be said generally, that to constitute a family, there must exist the relation of husband and wife, or of parent and child, or descendants of child; a condition of dependence on one or the other of these relations. It is not necessary that all shall actually live under the same roof, or within the same curtilage. Some may be temporarily absent, for the purposes of education, or of business, or pleasure, or from pressing necessity; but the residence of the husband and father must be the central place, which all regard, and to which there is the intention of returning, as the home—the center of common interests, of marital and parental dependence and domestic happiness.'"

---

[1] Post, p. 642.

It has long been the rule that "a domicil once acquired is presumed to continue until a new one has been gained facto et animo." Bragg v. State, 69 Ala. 204; Glover v. Glover, 18 Ala. 367; Merrill's Heirs v. Morrissett, 76 Ala. 433; Reynolds, Adm'r, etc., v. Lloyd Cotton Mills, 177 N. C. 412, 99 S.E. 240, 5 A.L.R. 284.

The general rule is further declared that the domicile of one who is in itinere from an old to a new home continues to be the old domicile until the new one is reached. State v. Hallett, 8 Ala. 159; Talmadge's Adm'r v. Talmadge, 66 Ala. 199.

It is further declared by this court that a person asserting a change of domicile has the burden of proof as to such issue. McLeod et al. v. Adams, 218 Ala. 424, 118 So. 636.

It would serve no good purpose to discuss the evidence in detail. It is sufficient to say the respondent has sustained the burden of proof of facts presented by his plea. The husband and wife broke up their home and went beyond the confines of this state to their respective domiciles; hence the courts of this state are without jurisdiction to pass upon their respective family or domestic rights.

The decree of the trial court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.

