188 So. 685

**Ex parte STATE ex rel. ALTMAN.**

**2 Div. 143.**

Supreme Court of Alabama.

May 4, 1939.

Granade & Granade, of Chatom, for relator.

McQueen & McQueen, of Tuscaloosa, for respondent.

KNIGHT, Justice.

The proceedings here is upon petition of John A. Altman, defendant in a certain cause pending in the Circuit Court of Sumter County, wherein Mrs. Dorothy Altman is complainant and the said John A. Altman is defendant, for mandamus directed to Hon. Benjamin F. Elmore as Judge of the Circuit Court of Sumter County, Alabama, requiring the said Elmore, as such judge, "to make and enter an order" in the above mentioned cause, requiring the complainant therein to give or furnish security for the cost of said suit. The insistence of the petitioner is that the complainant in said cause was, at the time the suit was in-

stituted, a nonresident of the State of Alabama, or, that since the filing of said suit, the complainant has ceased to be a resident of Alabama and has established a residence in the State of Mississippi.

In the court below, the said John A. Altman filed two successive motions to require the complainant to give security for the cost in the cause so brought by the complainant against him. In said cause the complainant sought divorce and alimony, and also the custody of four minor children, the products of the marriage union between complainant and petitioner.

Petitioner's motions filed in the circuit court were predicated upon averments that the complainant was a nonresident of the State of Alabama, and actually resided at Enterprise, in the State of Mississippi.

These motions were duly set down for hearing and heard by the court. At the hearing in each instance the complainant appeared, and denied that she was a nonresident of the State, but insisted that she was then, and had been for a number of years, a resident of the State of Alabama, though she admitted upon each hearing that she was at the time living with her father and mother at Enterprise, Mississippi, but further insisted that her absence from Alabama was temporary, and, in legal effect, was due to compulsion, or involuntary.

Section 7249 of the Code provides: "All suits at law or in equity, commenced by or for the use of a nonresident of this state, must be dismissed on motion, if security for cost, approved by the clerk or register, be not given by such nonresident when the suit is commenced, or within such time thereafter as the court may direct."

And Section 7252 of the Code provides: "If suit be commenced by or for the use of a resident, who afterwards removes from the state, the defendant, by motion to the court, or by notice to the plaintiff, his agent, or attorney, or solicitor, may require security for costs; and if such security be not given within thirty days after such notice or order of the court, the suit must be dismissed."

These statutes are, of course, mandatory.

In our recent case of Caheen v. Caheen, 233 Ala. 494, 172 So. 618, 619, which was a divorce proceedings, the observation is made: "The decisions are to the effect that 'residence' as used in such statutes is the equivalent of domicile; residence means legal residence or domicile for

such purposes. Allgood v. Williams, 92 Ala. 551, 8 So. 722; Metcalf v. Lowther's Executrix, 56 Ala. 312. It is therefore a mixed question of law and fact, depending upon the bona fide intention of the party. In Holmes v. Holmes, 212 Ala. 597, 599, 103 So. 884, 886, it was declared: 'A domicile once acquired is presumed to continue until a change, facto et animo, is shown. Bragg v. State, 69 Ala. 204. If there was a change, there must have been both an abandonment of his (decedent's) former domicile with no present intention to return, and the establishment of another place of residence with intention to remain permanently, or, at least, for an unlimited time; the former may be inferred from the latter. Allgood v. Williams, 92 Ala. 551, 8 So. 722; Caldwell v. Pollak, 91 Ala. 353, 8 So. 546; Young v. Pollak, 85 Ala. 439, 5 So. 279; Merrill's Heirs v. Morrissett (76 Ala. 433).'"

In Lucky v. Roberts, 211 Ala. 578, 100 So. 878, 879, it was held: "It is established in this jurisdiction that a person's domicile is that place in which his habitation is fixed, without any present intention of removing (Merrill's Heirs v. Morrissett, 76 Ala. 433), and it embraces (1) the fact of residence (Curry v. Barnes, 200 Ala. 256, 76 So. 22) and (2) the intention to remain (Young v. Pollak, 85 Ala. 439, 5 So. 279; State v. Hallett, 8 Ala. 159; Glover v. Glover, 18 Ala. 367.) It has been further declared that for the purpose of succession (a) a person can have but one domicile (Merrill's Heirs v. Morrissett, supra; Allgood v. Williams, 92 Ala. 551, 8 So. 722; Johns v. Cannon, 199 Ala. [138] 144, 74 So. 42; Curry v. Barnes, supra), and (b) when once acquired is presumed to continue until a new one is gained facto et animo (Glover v. Glover, supra; State v. Hallett, supra; Bragg v. State, 69 Ala. 204), and (c) what state of facts constitute a change of domicile is a mixed question of law and fact (Murphy v. Hunt, Miller & Co., 75 Ala. 438)."

And in the case of Murphy v. Hunt, Miller & Co., 75 Ala. 438, it was said: "What state of facts shall be deemed to constitute a change of domicil may be considered a mixed question of law and fact, and is one proverbially difficult to determine, owing to the doubtful interpretations of human conduct. It is universally admitted that such a change is never effected by intention alone. It can be accomplished only by a completed act, done with the purpose of consummating a permanent removal from the original domicil, animo manendi. The old domicil continues until a new one is acquired facto et animo. —State v. Hallett, 8 Ala. 159; Glover v. Glover, 18 Ala. 367; Story's Confl.Laws, § 47; Talmadge v. Talmadge, supra. (66 Ala. 199). A change of domicil can not be inferred from an absence which is shown to be temporary, and attended with the requisite animus revertendi.—McConnaughy v. Baxter, 55 Ala. 379; Kelly v. Garrett, 67 Ala. 304. The intention to return is usually the controlling element in the determination of the whole question. Lehman v. Bryan, 67 Ala. 558." (Parenthesis supplied.)

We shall not attempt to enter upon a detailed discussion of the evidence. It would serve no useful purpose. The trial judge was of the opinion, after hearing the evidence, that the complainant was not a nonresident of the State of Alabama, and, carrying that opinion into effect, overruled each of the two successive motions of the defendant-petitioner, and declined to require the complainant to give security for cost in the case.

Under our concept of "domicile," largely due to modern multiple residence situations, it was open to the trial judge to reach the conclusion that complainant was a legal resident of Alabama, and that her present sojourn in the State of Mississippi was temporary. In other words, there was substantial evidence to support the ruling of the trial judge. This evidence was given ore tenus in open court. The finding of the trial court, therefore, under our established rule, is entitled to be given the weight that we accord to the verdict of a petit jury. Caples v. Young, 206 Ala. 282, 89 So. 460; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917.

A careful consideration of the evidence fails to satisfy us that it so greatly preponderates against the judgment of the trial court as to stamp that judgment and decree as not only erroneous, but unjust. We will not, therefore, disturb the decree of the trial court. Mandamus must accordingly be denied, and the rule heretofore issued will be discharged. It is so ordered.

Mandamus denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.